**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FOODWORKS USA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| FOODWORKS OF ARLINGTON HEIGHTS, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

FOODWORKS USA, INC. ("FUSA"), by its attorneys, Horwood Marcus & Berk Chartered, complains of the defendant, FOODWORKS OF ARLINGTON HEIGHTS, LLC, ("FAH") alleging as follows:

**STATEMENT OF THE CASE**

Commencing in January of 2005 and continuing through January 3, 2010, FAH operated a Mexican-themed restaurant in Arlington Heights, Illinois, known as the Fuego Mexican Grill and Margarita Bar. Prior to opening the restaurant, FAH entered into a written License Agreement with FUSA, pursuant to which FAH was granted a nonexclusive license to use FUSA's registered servicemark, "Fuego Mexican Grill and Margarita Bar" to market and promote its restaurant business. A copy of FUSA's restaurant servicemark is shown below:



Pursuant to the terms of the subject License Agreement, FUSA also agreed to provide consulting and other services related to the implementation of specific policies, procedures and recipes, all of which were part of a fully integrated restaurant concept developed by FUSA for use in connection with the Fuego Mexican Grill and Margarita Bar registered servicemark.

Effective January 3, 2010 the License Agreement was terminated. Notwithstanding that termination, FAH continued to operate a restaurant at the *same location*, using the *same servicemark*, and the same *trade dress*, without interruption of service. FUSA served FAH with a written cease and desist letter, demanding that FAH cease any further use of FUSA's registered servicemark, and further, demanding that FAH provide a specific time table pursuant to which it will rebrand the restaurant and cease its continuing use of the trade dress developed by FUSA as part of the Fuego Mexican Grill and Margarita Bar restaurant concept. Notwithstanding FUSA's demand, FAH has done nothing other than simply rename the restaurant "Cocina Fuerte", and make minimal changes to exterior signage on the front of the restaurant, as well as signage on the interior rear wall of the restaurant.

As alleged with greater particularity hereafter in this Complaint, the new name chosen by FAH is confusingly similar to the name that was previously used to market and promote the restaurant, while it was operating under the License Agreement with FUSA. In addition, FAH continues to use FUSA's trade dress in a manner that is obviously calculated to trade upon the customer goodwill that has been built over the past five years, thereby creating further confusion in the minds of patrons as to the existence of a continuing business relationship between the former restaurant operation known as "Fuego Mexican Grill and Margarita Bar" and the new restaurant operation that is currently in the process of changing its name to "Cocina Fuerte". Copies of former and current interior signage are shown below:

 

FUSA is suing under the Lanham Act for infringement of FUSA's servicemark and infringement of FUSA's protectable trade dress. FUSA is also suing under the Lanham Act for dilution of FUSA's servicemark and trade dress. In addition, FUSA is suing under the Illinois Deceptive Trade Practices Act, seeking to enjoin FAH's continued use of the business telephone number (847)590-1122, and the continued unaltered use of the custom designed exterior façade that was conceived and constructed by FUSA as part of the Fuego Mexican Grill and Margarita Bar restaurant concept. Finally, FUSA is seeking a money judgment in an amount equal to the royalties that are due and owing from FAH, in connection with its past and continuing use of FUSA's servicemark and trade dress.

## PARTIES

1.      FUSA is a corporation organized under the laws of the State of Illinois, with its principal place of business located in Arlington Heights, Illinois.

2.      FAH is a limited liability company organized under the laws of the State of Illinois, with its principal place of business located in Arlington Heights, Illinois.

## JURISDICTION AND VENUE

3.      This court has jurisdiction over FUSA's federal claims, pursuant to 15 U.S.C. §1121 and §1331. This court also has supplemental jurisdiction over FUSA's related state claims, pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the Northern District of Illinois, pursuant to 28 USC §1391.

## ALLEGATIONS OF FACT COMMON TO ALL CLAIMS

5.      FUSA is the owner of a registered servicemark (Serial No. 78535734) which consists of the word mark "Fuego Mexican Grill Margarita Bar" and a unique lizard design element. (the "Servicemark"). (See, copy of USPTO registration, attached as Exhibit A).

6.      FUSA is also the developer and owner of certain unregistered trade dress rights consisting of various arbitrary, distinctive and nonfunctional restaurant design elements, food service protocols and food recipes that were carefully coordinated to create a fully intregrated restaurant concept that is marketed to the consuming public as the Fuego Mexican Grill and Margarita Bar (the "Trade Dress").

7.      FUSA's Servicemark and related Trade Dress are the core elements of a prototype business platform, conceived in 2004 as a model for a chain of identical restaurants that FUSA is opening throughout the greater Chicago market and, in the future, on a national level.

### The Prior Business Relationship Between FUSA and FAH

8.      Per the express terms of its Operating Agreement, FAH is a single purpose entity that was formed for the purpose of, "engaging in the business of establishing and operating a restaurant and bar located at [17 West Campbell Street, Arlington Heights, Illinois]". (See, copy of January 3, 2005 Operating Agreement, attached as Exhibit B).

9.      In January of 2005, FUSA licensed its Servicemark and related Trade Dress to FAH for use in connection with the marketing and promotion of a restaurant that was then being built by FAH in Arlington Heights, Illinois (the "License Agreement"). (See, copy of January 3, 2005 License Agreement, attached as Exhibit C).

10.      Simultaneous with the execution of the License Agreement, FAH also entered into a Management Agreement with an entity known as Foodworks Management, Inc. (the

"Management Agreement"). (See, copy of January 3, 2005 Management Agreement, attached as Exhibit D).

11.     At all times relevant to the instant litigation, FUSA and Foodworks Management, Inc. have shared common ownership and a common business purpose. FUSA was formed for the purpose of owning and maintaining the Servicemark and related Trade Dress rights. Foodworks Management, Inc. was formed for the purpose of managing the day-to-day business of FAH'S restaurant in a consistent and quality controlled manner, and protecting customer goodwill associated with the Servicemark and related Trade Dress.

12.     Pursuant to Paragraph 12(d) of the License Agreement, a termination of the Management Agreement constituted grounds for termination of the License Agreement.

13.     On September 25, 2009, a majority of FAH's members voted to terminate the Management Agreement. (See, copy of September 25, 2009 Notice of Termination, attached as Exhibit E).

14.     On October 9, 2009, FUSA gave written notice to FAH, terminating the License Agreement. (See, copy of October 9, 2009 Notice, attached as Exhibit F).

15.     On October 27, 2009, FUSA served a written cease and desist letter upon FAH, demanding that FAH cease the use of its Servicemark, and further, demanding that FAH provide a specific timetable pursuant to which it would rebrand the new restaurant operation and cease its continuing use of the Trade Dress. (See, October 27, 2009 letter, attached as Exhibit G).

16.     On October 29, 2009, FAH served a letter upon FUSA, asserting that its termination of the License Agreement was not effective until January 3, 2010, and further, stating its intention to continue paying both management fees under the Management Agreement

and royalties under the License Agreement. (See, copy of October 29, 2009 letter, attached as Exhibit H).

17.      Rather than file suit immediately and engage in preliminary motion practice over the question of when FHA's termination of the subject Management Agreement should be deemed to have occurred, FUSA elected to delay the filing of an enforcement action until after January 3, 2010, by which time it expected a response to its demand for a specific action plan from FAH, related to the rebranding of the new restaurant operation.

### FAH's Post-Termination Conduct In January

18.      As alleged previously above, the License Agreement pursuant to which FAH was authorized to operate its restaurant as a Fuego Mexican Grill and Margarita Bar was terminated on one of two disputed dates, the latest of which was January 3, 2010.

19.      During the five-year period that FAH was previously licensed to operate its restaurant as a Fuego Mexican Grill and Margarita Bar, the exterior front elevation of the restaurant featured a custom designed façade consisting of stressed stucco, decorative tiles, metalwork and lighting fixtures, as well as a custom designed back lit metal sign that exactly mimicked the Servicemark owned by FUSA.

20.      On or about January 9, 2010 the portion of the exterior sign that had previously displayed the word "Fuego" and the stylized lizard form that wrapped around the end of the word "Fuego", was removed by FAH. The portion of the exterior sign that displayed the words "Mexican Grill and Margarita Bar" was left in tact, and no other changes were made to the building façade.

21.      On January 23, 2010 a majority of FAH's, members approved a name change for the ongoing restaurant operation, to "Cocina Fuerte".

22.     Following the January 23, 2010 meeting, FAH provided its members with an artistic rendering of a new logo for the restaurant, which contained the words "Cocina Fuerte" and a stylized representation of a flame.  (See, copy of Cocina Fuerte logo, attached as Exhibit I).

23.     "Fuego" is the Spanish word for "fire".

24.     Upon information and belief, FAH's inclusion of a stylized flame as part of its new logo is intended to reference or evoke an association with the former Fuego Mexican Grill and Margarita Bar restaurant operation.

25.     Aside from the above-alleged partial alteration to the front signage, no other changes were made to the restaurant's front exterior façade during the month of January, 2010.

26.     No changes were made to the restaurant's interior premises during the month of January, 2010.

27.     No changes were made to the employees' uniforms during the month of January, 2010.

28.     No changes were made to the restaurant's coasters, napkins, chip liners, menus or business cards during the month of January, 2010.

29.     No changes were made to the restaurant's tableside service protocols during the month of January, 2010.

30.     No changes were made to the recipes or food presentations used by the restaurant during the month of January, 2010.

31.     No changes were made to the manner, in which employees were instructed to answer phone calls from patrons during the month of January, 2010.

**FAH's Announcement That "Cocina Fuerte Fuego Is Now Cocina Fuerte"**

32.     On February 4, 2010 FAH posted a new promotional wall on the Facebook website that prominently declared, "**Cocina Fuerte** Fuego is now Cocina Fuerte". ) (Emphasis in original text) (See, copy of Cocina Fuerte February 4, 2010 Facebook wall, attached as Exhibit J).

33.     At no time during the five year period that FAH was previously licensed to operate its restaurant as a Fuego Mexican Grill and Margarita Bar did the subject restaurant ever market or promote itself as "Cocina Fuerte Fuego".

34.     In addition to the text shown in Exhibit J, the Cocina Fuerte Facebook wall also contains information regarding the restaurant's location, telephone number, hours of operation and the following statement: "***Formally Fuego Mexican Gill and Margarita Bar***".  The FIRE is out but the party is just getting started". (Emphasis added). For technical reasons, when downloading the Cocina Fuerte Facebook wall, the above-quoted information in question does not print out in a hard copy version.

35.     Attached to the Cocina Fuerte February 4, 2010 Facebook wall were thirteen photographs depicting the interior of the restaurant, which was unaltered from when it had been previously operated as a Fuego Mexican Grill and Margarita Bar. (See, copies of interior photographs posted by FAH, attached as Group Exhibit K; See also, close-up of original, unrelated interior rear wall "Fuego" sign taken previously by FUSA, attached as Exhibit L).

36.     On February 4, 2010 FUSA served a second cease and desist letter upon FAH, demanding that FAH cease its efforts to rename the new restaurant's operation "Cocina Fuerte", and further, cease its efforts to promote the business of the new restaurant through the use of the

logo that was provided to FAH's members following their meeting on January 23, 2010. (See, February 4, 2010 letter, attached as Exhibit M).

37.     On February 6, 2010 FAH amended its Facebook wall by posting seven new photographs depicting the interior of the restaurant.

38.     Among the seven new photographs that were posted on February 6, 2010, two of them - - photograph numbers 12 and 13 - - depict in close-up detail the manner in which the interior signage on the rear wall of the restaurant was changed from the stylized word "Fuego" to the stylized word "Fuerte" with the additional insertion in smaller print of the word "Cocina" placed inconspicuously beneath the large capital letter "F". (See, copy of seven interior photographs posted by FAH, attached as Group Exhibit N).

39.     In making the above-alleged change, FAH did not alter the size, color or the stylized font of the word "Fuego", but rather, only changed the last two letters from "go" to "rte", so that the sign now reads "Fuerte".  Photographs of the "before" and "after" interior signs are shown below:

 

40.     Aside from the posting of the seven new photographs on February 6, 2010, no other changes were made to the FAH Facebook wall.  Specifically, no change was made to the text which continues to declare that, "**Cocina Fuerte** Fuego is now Cocina Fuerte".  (Exmphasis in original text).  (See, copy of Cocina Fuerte February 6, 2010 Facebook page, attached as Exhibit O).

41.     Upon information and belief, FAH has entered into one or more contracts with third-party vendors to modify the existing exterior signage, so as to add the words "Cocina Fuerte" and the stylized flame represented in the logo that was provided to FAH's members after the January 23, 2010 meeting.

42.     As of the date of filing this Complaint, FAH has not in fact made any further changes to the front exterior signage.

43.     Upon information and belief, FAH has entered into one or more contracts with third-party vendors to order new employee uniforms, coasters, napkins, chip liners, menus and business cards that will bear the words "Cocina Fuerte" and the stylized representation of a flame.

44.     As of the date of filing this Complaint, FAH has not in fact made any changes to the coasters, napkins, chip liners, menus or business cards. The only change made to the employee uniforms is the removal of certain decorative stitching that previously mimicked the FUSA Servicemark.

45.     Upon information and belief, FAH has made no plans to change the unique tableside service protocols that were conceived and implemented by FUSA as part of the Fuego Mexican Grill and Margarita Bar restaurant concept.

46.     As of the date of filing this Complaint, FAH has not in fact made any change to the unique tableside service protocols that were conceived and implemented by FUSA as part of the Fuego Mexican Grill and Margarita Bar restaurant concept.

47.     Upon information and belief, FAH has made no plans to change any of the recipes or the presentation of the dishes that were conceived and implemented by FUSA as part of the Fuego Mexican Grill and Margarita Bar restaurant concept.

48.     As of the date of filing this Complaint, FAH has not in fact made any change to the recipes or the presentation of the dishes that were conceived and implemented by FUSA as part of the Fuego Mexican Grill and Margarita Bar restaurant concept.

49.     Upon information and belief, FAH's employees had been instructed to continue answering telephone calls from patrons by identifying the restaurant as "Fuego", until after the currently planned rebranding of the restaurant was completed.

50.     On February 11, 2010 an announcement was published in the *Daily Herald* suburban newspaper, quoting FAH's head chief as stating that everything related to the subject restaurant will remain the same except the name. "The menu, the recipes and the employees are all the same. Only the name is changing". (See *Daily Herald* announcement, attached as Exhibit P).

51.     Commencing on February 12, 2010, FAH's employees first began answering telephone calls from patrons by identifying the restaurant as "Cocina Fuerte".

**COUNT I**
**Trademark Infringement and Unfair Competition**
**15 U.S.C. 1125(a)(1)**

52.     FUSA realleges each and every allegation pled in Paragraphs 1 through 51 as Paragraph 52, of this, Count I.

53.     FUSA's Servicemark serves as a symbol of origin to diners seeking a fine dining experience in an upscale Mexican themed restaurant.

54.     FUSA currently licenses its Servicemark and related Trade Dress to a third-party licensee in connection with the operation of a popular restaurant located in Chicago, Illinois and known as the Fuego Mexican Grill and Margarita Bar. In addition, FUSA is engaged in negotiations with a separate prospective licensee, in connection with another new restaurant that

is being opened in the North suburbs of Chicago, Illinois and to be known as the Fuego Mexican Grill and Margarita Bar.

55.     FUSA's Servicemark is well known and widely recognized among those diners in the Greater Chicago restaurant market as a result of various and diverse promotional activities that have occurred since the first Fuego Mexican Grill and Margarita Bar restaurant was opened in 2005.  In addition to multiple written restaurant reviews that have been published over the past several years, a widely disseminated television review was recently aired on the popular local show known as "Check, Please!" (See, copies of written reviews, attached as Group Exhibit Q).

56.     The new restaurant name and logo adopted by FAH to promote its ongoing restaurant operation is substantially similar to and evocative of FUSA's Servicemark.

57.     As alleged with greater particularity above, FAH has infringed, and continues to infringe upon FUSA's Servicemark, in violation of 15 USC §1125(a)(1), and in derogation of FUSA's demand that such infringement immediately cease.

58.     FAH's continuing use of FUSA's Servicemark has caused, or is likely to cause confusion in the minds of the consuming public, as to the existence of a continuing affiliation between the ownership, goods or services offered by FAH at its Arlington Heights restaurant, and the ownership, goods or services offered by FUSA and by its an independent licensee that currently operates a Fuego Mexican Grill and Margarita Bar restaurant in Chicago, Illinois.

59.     As a direct and proximate cause of FAH's infringing activities and the resulting confusion FUSA has been, and will continue to be irreparably harmed.

60.     FUSA possesses no adequate remedy at law to address the irreparable harm occasioned by FAH's continuing infringement.

61.     Unless FAH's continuing use of FUSA's Servicemark is enjoined by this court, FAH's infringement will continue, thereby causing further damage and irreparable injury to FUSA, including but not limited to, loss of good will and damage to its business reputation.

**COUNT II**
**Trade Dress Infringement and Unfair Competition**
**15 U.S.C. 1125(a)(3)**

62.     FUSA realleges each and every allegation pled in Paragraphs 1 through 61, as Paragraph 62 of this, Count II.

63.     The Trade Dress developed by FUSA in creating the Fuego Mexican Grill and Margarita Bar restaurant concept consists of various coordinated arbitrary, distinctive and nonfunctional restaurant design elements, employee uniforms, menus, recipes, food presentation and food service protocols including the following:

**Exterior:**

a)     Stucco texture, exposed vintage brick wall and stone design
b)     Window arches with metal wrought iron canopy
c)     Tile covered columns
d)     Spanish style lights on building exterior
e)     Lizard etched windows
f)     Fuego sign including the use of the rusted metal and backlighting using green and red
g)     Decorative tiled entryway
h)     Wooden ornaments
i)     General shape, design and color

**Interior:**

a)     Color palate: Brick Red, Lime Green Orange, Teal – used throughout interior and for lizard logo
b)     Spanish style Sconces on perimeter walls and hanging light fixtures
c)     Textured glazed walls with beige wash
d)     Hand-painted wall murals
e)     Photos of historic Mexican icons and frames
f)     Teal blue color of wood highlighting components used throughout
g)     Chair rail featuring handmade Mexican tiles in a random pattern; use of same tiles in bathroom and on counter tops

h) Bathroom door illustrations and color
i) Mexican Telavera restroom sinks
j) Iconic large hand maid Mexican Sombrero sculpture
k) Orange Spanish striped banquet fabric on custom designed seating bench
l) Hammered copper highlighting components on cabinets and bar
m) Vintage Bar
n) Custom designed margarita glasses
o) Custom designed wrought iron dividers
p) Custom designed carts for tableside preparation of guacamole and ceviche

**Employee Uniforms:**

a) Servicemark embroidered Mexican Guayabera shirts
b) Servicemark embroidered hats
c) T-Shirts with stamped Servicemark

**Dining Experience:**

a) Guacamole and Ceviche prepared tableside
b) Margaritas shaken tableside

**Food:**

a) Menu designs and menu covers
b) All recipes and food presentation concepts
c) Beans served in formed taco shell bowls

**Other:**

Everything that uses the Servicemark including coasters, napkins, chip liners, menus, business cards, etc.

64. FUSA's distinctive and nonfunctional Trade Dress serves as a symbol of origin to diners seeking a fine dining experience in an upscale Mexican themed restaurant.

65. Alternatively, FUSA's Trade Dress has acquired a secondary meaning in the mind of diners seeking a fine dining experience in an upscale Mexican themed restaurant, as a result of which said Trade Dress has become associated with FUSA and its authorized licensees.

66.     The Trade Dress currently being used by FAH to promote its new restaurant operation is identical or substantially similar to the Trade Dress developed by FUSA, and is identical or substantially similar to the Trade Dress used by FUSA's authorized licensee in the operation of a Fuego Mexican Grill and Margarita Bar restaurant in Chicago, Illinois.

67.     As alleged with greater particularity above, FAH has infringed, and continues to infringe upon FUSA's Trade Dress, in violation of 15 USC §1125(a)(3), and in derogation of FUSA's demand that such infringement immediately cease.

68.     FAH's continuing use of FUSA's Trade Dress has caused or is likely to cause confusion in the minds of the consuming public as to the existence of an affiliation between the ownership, goods or services offered by FAH at its Arlington Heights location, and the ownership, goods or services offered by FUSA as well as the ownership, goods or services offered by FUSA's licensee that currently operates a Fuego Mexican Grill and Margarita Bar restaurant in Chicago, Illinois.

69.     As a direct and proximate cause of FAH's infringing activities and the resulting confusion in the minds of the consuming public, FUSA has been irreparably harmed.

70.     FUSA possesses no adequate remedy at law to address the irreparable harm occasioned by FAH's infringement.

71.     Unless FAH's use of FUSA's Trade Dress is enjoined by this Court, FAH's infringement will continue, thereby causing further damage and irreparable injury to FUSA, including but not limited to, loss of good will and damage to its business reputation.

## COUNT III
## Dilution of Trademark
## 15 U.S.C. 1125(c)(1)

72.     FUSA realleges each and every allegation pled in Paragraphs 1 through 71, as Paragraph 72 of this, Count III.

73.     FUSA's Servicemark is a famous mark that is inherently distinctive or acquired a distinctiveness, prior to January of 2010.

74.     FAH's use of the trade name "Cocina Fuerte", and its use of the new logo that was provided to FAH's members following their decision to rename the on-going restaurant operation, is likely to cause dilution of FUSA's Servicemark, by blurring.

75.     FAH's continuing use of the "Cocina Fuerte" trade name and the related new logo has caused or is likely to cause confusion in the minds of the consuming public as to the existence of an affiliation between the ownership, goods or services offered by FAH at its Arlington Heights location and the ownership, goods or services offered by FUSA as well as the ownership, goods or services offered by FUSA's independent licensee that currently operates a Fuego Mexican Grill and Margarita Bar restaurant in Chicago, Illinois.

76.     As a direct and proximate result of FAH's dilution of FUSA's Servicemark and the resulting confusion in the minds of the consuming public, FUSA has been irreparably harmed.

77.     FUSA possesses no adequate remedy at law to address the irreparable harm occasioned by FAH's dilution.

78.     Unless FAH's use of the "Cocina Fuerte" trade name and the related logo is enjoined by this Court, FAH's dilution will continue, thereby causing further damage and irreparable injury to FUSA's Servicemark.

## COUNT IV
### Dilution of Trade Dress
### 15 U.S.C. 1125(c)(4)

79.     FUSA realleges each and every allegation pled in Paragraphs 1 through 78 as Paragraph 79 of this, Count IV.

80.     FUSA's Trade Dress, taken as a whole, is not functional.

81.     FUSA's Trade Dress, taken as a whole, is famous.

82.     The unregistered elements of FUSA's Trade Dress, taken as a whole, is famous separate and apart from the fame that attaches to FUSA's Servicemark.

83.     FAH's use of FUSA's Trade Dress has caused or is likely to cause confusion in the minds of the consuming public as to the existence of an affiliation between the ownership, goods or services offered by FAH at its Arlington Heights location and the ownership, goods or services offered by FUSA as well as the ownership, goods or services offered by FUSA's independent licensee that currently operates a Fuego Mexican Grill and Margarita Bar restaurant in Chicago, Illinois.

84.     As a direct and proximate result of FAH's dilution of FUSA's Trade Dress and the resulting confusion in the minds of the consuming public, FUSA has been irreparably harmed.

85.     FUSA possess no adequate remedy at law to address the irreparable harm occasioned by FAH's dilution.

86.     Unless FAH's use of FUSA's Trade Dress is enjoined by this Court, FAH's dilution will continue, thereby causing further damage and irreparable injury to FUSA's Trade Dress.

**COUNT V**
**Uniform Deceptive Trade Practices Act**
**815 ILCS 510/2**

87.     FUSA realleges each and every allegation pled in Paragraphs 1 through 86, as Paragraph 87 of this, Count V.

88.     Commencing in January of 2005 and continuing without interruption through January 3, 2010, the Arlington Heights restaurant formerly known as Fuego Mexican Grill and Margarita Bar used the telephone number (847)590-1122.

89.     Since January of 2005, tens of  thousands of dollars have been spent on printed and Internet promotional materials that identify (847)590-1122 as the telephone number for Fuego Mexican Grill and Margarita Bar

90.     As evidenced by FAH's decision to create a new Facebook wall, and as further evidenced by the significant number of "friends" that have posted information on FAH's Facebook wall, a significant number of customers who previously patronized the Fuego Mexican Grill and Margarita Bar are individuals who regularly use the Internet to plan, organize and otherwise share information regarding their personal social lives.

91.     Upon information and belief, a significant majority of customers who previously patronized the Fuego Mexican Grill and Margarita Bar are individuals who use desk top, lap top and/or hand held telephones or computer devices to store contact information related to both their business lives, and their social lives.

92.     Upon information and belief, a significant majority of customers who previously patronized the Fuego Mexican Grill and Margarita Bar have the (847)590-1122 telephone number electronically stored in their personal contact file, and alphabetically associated with the word "Fuego".

93.     As previously alleged above in this Complaint, notwithstanding the termination of the License Agreement pursuant to which FAH was entitled to use FUSA's Servicemark in promoting its continued restaurants operation, FAH employees have continued to answer telephone calls from patrons by identifying the restaurant as "Fuego".

94.     FAH's activities with respect to the (847)590-1122 telephone number and the continuing practice of answering calls placed to the telephone number by identifying the restaurant as "Fuego", has caused a likelihood of confusion in the mind of the public that constitutes a violation of the Uniform Deceptive Trade Practices Act, Sections 2(a)(1), (2) and (3).

95.     Alternatively, and in addition to the above, commencing in January of 2005 and continuing without interruption through January 3, 2010, the Arlington Heights restaurant formerly known as Fuego Mexican Grill and Margarita Bar attracted former patrons and enticed new patrons by means of a custom designed exterior façade that was conceived and constructed by FUSA as part of the Fuego Mexican Grill and Margarita Bar restaurant concept.

96.     Since January of 2005, ten of thousands of restaurant patrons have associated the customer designed exterior façade with the Fuego Mexican Grill and Margarita Bar restaurant concept.

97.     Since January of 2005, the custom design exterior façade has been featured in one or more promotional pieces published in connection with the Fuego Mexican Grill and Margarita Bar including, most recently, a widely disseminated television review that was aired on the popular local show known as "Check Please!".

98.     Since January 3, 2010, FAH has done nothing to alter or change the custom designed exterior façade of the subject restaurant, other than to remove a portion of the exterior

sign that displayed the "Fuego" and the stylized lizard form that wrapped around the end of the work "Fuego".

99.     FAH's continuing unaltered use of the custom designed exterior façade has caused a likelihood of confusion in the mind of the public that constitutes a violation of the Uniform Deceptive Trade Practices Act, Sections 2(a)(1), (2) and (3).

100.    As a direct and proximate cause of FAH's above alleged activities and the resulting confusion in the minds of the consuming public, FUSA has been irreparably harmed.

101.    FUSA possesses no adequate remedy at law to address the irreparable harm occasioned by FAH's wrongful misconduct.

102.    Unless FAH's wrongful misconduct is enjoined by this court, FAH's deceptive trade practices will continue, thereby causing further damage and irreparable injury to FUSA, including but not limited to, loss of good will and damage to its business reputation.

**COUNT VI**
**Breach Of Contract**

103.    FUSA realleges each and every allegation pled in Paragraphs 1 through 102, as Paragraph 103 of this, Count VI.

104.    Pursuant to the express terms of the parties' License Agreement, FHA was required to make royalty payments to FUSA for the use of its Servicemark, as follows:

> 3.      **Royalty Payment**.  The Licensee agrees to pay Licensor as a royalty for the use of Servicemark an amount equivalent to Three Percent (3%) of the Net Sales of Licensee.  The term "Net Sales" shall mean all amounts received by the Licensee for the sale of foods, beverages and the services rendered including carry-out, catering, and other off premises sales, less retailer's occupation taxes actually paid by Licensee.  Such royalty payments shall be payable quarter-annually based upon the Net Sales of the Location for the prior calendar quarter, and shall be paid on or before the tenth (10th) day of the calendar quarter next following the applicable calendar quarter in respect of such royalties.  Each

royalty payment shall be accompanied by a certificate of the Licensee, certified to be accurate by the Licensee, showing the Net Sales of the Location for the prior calendar quarter. (See, License Agreement, Paragraph 3, attached as Exhibit B).

105. Notwithstanding the express terms of the License Agreement, and notwithstanding FHA's continuing use of FUSA's Servicemark through January of 2010, FHA has failed and otherwise refused to make any royalty payments to FUSA for the period commencing in July of 2009 through and including January of 2010.

106. FUSA has faithfully performed everything required of it under the terms of the parties' License Agreement.

107. FHA's failure to pay royalty payments, as alleged above, constitutes a material breach of its obligations under the License Agreement, as a result of which FUSA has been materially damaged.

108. FUSA has demanded that FHA make all royalty payments that are due and owing, pursuant to the terms of the License Agreement, however, such demands have been ignored and otherwise refused.

**PRAYER FOR RELIEF**

Wherefore, FOODWORKS USA, INC. prays this Court enter judgment in favor of the Plaintiff and against the Defendant, FOODWORKS OF ARLINGTON HEIGHTS, LLC, as follows:

A.  Enter an Order temporarily, preliminarily and permanently enjoining FAH and all individuals or entities acting in concert with FAH, from infringing upon or diluting FUSA's Servicemark and Trade Dress;

B.  Enter a money judgment against FAH in an amount equivalent to all profits earned by FAH during the period commencing July of 2009 through and including the date that FAH ceases its infringing activities, in accordance with 15 U.S.C. 1117;

C.      Enter a money judgment against FAH in an amount equivalent to such damages as FUSA may be demonstrated to have incurred, as a result of FAH's infringing activities, in accordance with 15 U.S.C. 1117;

D.      Enter a money judgment against FAH in an amount equivalent to three times the amount awarded under Paragraph 2 or Paragraph 3 above, whichever is greater; in accordance with 15 U.S.C. 1117;

E.      Award pre-judgment interest, in accordance with 15 U.S.C. 1117;

F.      Court costs and attorneys' fees, in accordance with 15 U.S.C. 1117;

G.      Enter an Order temporarily, preliminary and permanently enjoining FAH from engaging in deceptive business practices, and more specifically, enjoining FAH from continuing to use the business telephone number (847)590-1122, and continuing the unaltered use of the custom designed exterior façade that was conceived and construed by FUSA as part of the Fuego Mexican Grill and Margarita Bar restaurant concept;

H.      Enter a money judgment against FAH in an amount equivalent to the monthly royalty payments due to FUSA for the period commencing July of 2009, through and including January of 2010;

I.      Award pre-judgment interest on all unpaid royalty fees, pursuant to relevant State statute; and

J.      Such further relief as this Court may deem just and equitable.


**FOODWORKS USA, INC.**




By:    _/s/ Jeffrey H. Bunn_____
                One of Its Attorneys


Jeffrey H. Bunn
Stavros S. Giannoulias
**HORWOOD MARCUS & BERK CHARTERED**
180 North LaSalle Street
Suite 3700
Chicago, Illinois 60601
(312) 606-3200