## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**FOODWORKS USA, INC.,**

    **Plaintiff,**

    v.

**FOODWORKS OF ARLINGTON
HEIGHTS, LLC.**

    **Defendant.**

**No. 10 C 1020**

**Magistrate Judge Mary M. Rowland**

## MEMORANDUM OPINION AND ORDER

Defendant has filed a Petition for Attorneys' Fees. Each party also has filed a motion to reconsider the Court's opinions and orders issued on August 14, 2012. For the reasons stated below, the petition and requests are granted in part and denied in part.

## I. BACKGROUND

Defendant Foodworks of Arlington Heights, LLC, operates a Mexican-themed restaurant in Arlington Heights, Illinois, known as the Fuego Mexican Grill and Margarita Bar. Plaintiff Foodworks USA, Inc.'s Complaint and Defendant's Counterclaim deal with intellectual property issues relative to the name of the restaurant and the trade dress used at the restaurant. The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c).

On June 5, 2012, Defendant filed a Motion for Involuntary Dismissal for Failure to Prosecute, for Sanctions, and Other Relief. On August 14, 2012, the Court grant-

ed the motion in part and denied it in part. The Court found that Plaintiff and its counsel have not complied with Court orders and Court-imposed deadlines.

Plaintiff was first served with discovery requests in June 2010. Over the subsequent 23 months, Plaintiff kept ignoring deadlines to respond to Defendant's discovery, despite the Court granting several extensions. Finally, in late April and early May 2012, Plaintiff sent two email messages and a CD containing documents that were purportedly responsive to Defendant's discovery requests. However, the discovery responses were grossly deficient. While the interrogatories were responded to without objections, the responses contained few, if any, facts or details as requested. For example, despite filing a Complaint alleging various intellectual property violations, Plaintiff's interrogatory responses, unsigned in violation of Rule 33, provided *no information* about the trademark and trade dress Defendant is alleged to have infringed. It has produced a total of 13 documents which consisted entirely of *Defendant's* financial records.

Dilatory conduct with respect to discovery was not the only problem. Despite being granted two extensions, Plaintiff failed to respond to Defendants' Motion for Voluntary Dismissal. Plaintiff's response to the Motion was due on June 26, 2012, and later extended until July 17, 2012. However, the due date passed with no response or request for additional time. *See Lopez v. Catholic Charities of the Archdiocese of N.Y.*, No. 00 Civ. 1247, 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (ruling that Plaintiff's failure to respond to motion to dismiss for failure to prosecute favors dismissal); *Betancourt v. Toledo*, 199 F.R.D. 447, 447 (D.P.R. 2001) (same).

Plaintiff's conduct led the Court to conclude that Plaintiff never had a serious intention to prosecute this case, which has wasted the Court's time and clogged the Court's calendar. Defendant has also been prejudiced by Plaintiff's dilatory conduct. Defendant has had to file several motions and attend many status hearings in an unsuccessful effort to get Plaintiff to respond to discovery requests that were first served *over two years ago*. Moreover, the merits of Plaintiff's case are seriously in doubt. Ayad Nahlawi, Plaintiff's principal owner and Defendant's former manager, surely must be in possession and control of relevant information relating to the trademark and trade dress claims that form the basis for Plaintiff's lawsuit. Yet, after numerous delays and missed deadlines, Plaintiff has produced little, if any, information that supports its claims.

Further, Plaintiff received "due warning" that its case was subject to dismissal. Defendant filed a motion to dismiss for failure to prosecute on two separate occasions. *See Lopez*, 2001 WL 50896, at *4 (noting that a Rule 41(b) motion places the plaintiff on notice of possible dismissal for failure to prosecute). Moreover, on several occasions, the Court warned both Plaintiff and its counsel in open court and in written orders that further delays could result in sanctions, including dismissal of Plaintiff's lawsuit. (*See* Dkt. 43, 84); *see also Aura Lamp & Lighting v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (finding plaintiff on due notice by court's warnings at status conference). As far back as March 2011, after the Court granted Plaintiff's counsel's motion to withdraw, in the four months it took Plaintiff to re-

tain new counsel, the Court warned Plaintiff that its claims could be dismissed if it failed to timely retain new counsel. (Dkt. 43.)

In sum, the Court found that the balance of factors governing dismissal under Rule 41(b) clearly favor dismissal for failure to prosecute. Accordingly, the Court dismissed the complaint with prejudice and denied Defendant's Motion to Compel and Plaintiff's Motion to Extend Deadline for Completion of Written Discovery as moot.[1]

## II. DISCUSSION

The parties have each filed a motion to reconsider the August 14, 2012 Order. In Defendant's motion, it seeks (1) to clarify whether the Counterclaim has been dismissed and whether denial of its motion to compel and termination of the full case is appropriate; and (2) to reconsider the Court's denial of Defendant's request for a default judgment against Plaintiff on Defendant's Counterclaim. (Def.'s Mot. 3.) Despite being given an opportunity to do so, Plaintiff did not respond to Defendant's motion for reconsideration.[2] Instead, Plaintiff filed its own motion to reconsider. In Plaintiff's motion, it contends that the Court did not have a full record and requests the opportunity to present its opposition to Defendant's Motion for Involuntary Dismissal. (Pl.'s Mot. ¶ 15.)

---

[1] Additional factual background is laid out in the Court's August 14, 2012 Order.

[2] On October 3, 2012, the Court granted Plaintiff's request for an extension until October 15, 2012, in which to file a response to Defendant's Motion for Reconsideration. (*See* Dkt. 117.) However, as has often been the case in this action, no response was filed. Nor has Plaintiff requested any additional time in which to respond.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984). "To be within a mile of being granted, a motion for reconsideration has to give the tribunal to which it is addressed a reason for changing its mind." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004). "Reconsideration is not an appropriate forum for re-hashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996); *see Keene Corp.*, 561 F. Supp. at 665 ("Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion."). "A motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." *Ahmed*, 388 F.3d at 249 ("It's as if the movant, when he appealed, had filed two copies of his appeal brief, and when his appeal was rejected asked us to read the second copy.").

"But, judges are not omniscient, and even the most gifted make mistakes." *Mosley v. City of Chicago*, 252 F.R.D. 445, 446 (N.D. Ill. 2008); *see, e.g., Willy v. Coastal Corp.,* 503 U.S. 131, 139 (1992). The Seventh Circuit has observed that "in any given opinion, [a court] can misapprehend the facts . . . or even overlook important facts or controlling law." *Olympia Equip. v. Western Union*, 802 F.2d 217, 219 (7th Cir. 1986). "Thus, motions for reconsideration can serve a valuable function by help-

ing, under appropriate circumstances, to ensure judicial accuracy." *Mosley*, 252 F.R.D. at 446.

## A. Plaintiff's Motion to Reconsider

Plaintiff's request, pursuant to Rule 59(e), to vacate the Court's opinion dismissing the Complaint is denied. Plaintiff has neither identified any newly discovered evidence nor has it argued that any manifest error of law or fact was committed. Instead, Plaintiff summarily contends, with little elucidation, that the Court should consider its newly-filed motion to reconsider as its responses and arguments in opposition to Defendant's Motion for Involuntary Dismissal. (Pl.'s Mot. ¶ 7.) But the Court gave Plaintiff every opportunity to respond to Defendant's Motion for Involuntary Dismissal, including granting Plaintiff the sole extension it requested, and no response was filed. Moreover, the Court explicitly warned Plaintiff that its failure to respond to Defendant's Motion for Involuntary Dismissal would have negative effects.

Plaintiff fares no better even if the Court considers its motion to reconsider as its response to Defendant's Motion for Involuntary Dismissal. Plaintiff's motion asserts—for the first time—that counsel's "personal and professional difficulties" together with "health issues suffered by Nahlawi and the family/personal issues being dealt with by him (much of Mr. Nahlawi's family resided in Syria which is undergoing extreme civil unrest and he has been leading efforts to relocate family members) during this same period" should be considered by the Court. (Pl.'s Mot. ¶¶ 8–9.) But these assertions are made without any evidentiary support and would not consti-

tute "newly discovered evidence" even if properly supported. In any event, Plaintiff does not explain why these "difficulties"—if they prevented Plaintiff from vigorously prosecuting its case—were never brought previously to the Court's attention. To the contrary, Plaintiff's counsel, after he was retained in August 2011, repeatedly assured the Court that his client's responses to Defendant's discovery requests, as well as its own discovery requests, were forthcoming. *See Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 867 (7th Cir. 1996) ("A Rule 59(e) motion cannot be used to present evidence that could and should have been presented prior to entry of final judgment.").[3]

Finally, there is no support for Plaintiff's conclusory statement that it has "meritorious and valid claims that are part of this proceeding." (Pl.'s Mot. ¶ 10.) Plaintiff has had sufficient opportunity to present its case and has failed to do so. In April

---

[3] Plaintiff continues to assert new information in a piecemeal fashion. In its reply, Plaintiff raises a number of new arguments for the first time, including: (1) discussions that took place during settlement conferences; (2) Nahlawi's hospitalizations during April and July 2012; (3) counsel's temporally vague computer problems; and (4) counsel's "difficult personal situation." (Reply ¶¶ 2–5, 9–10.) Plaintiff has been cautioned frequently that the Court will not consider arguments raised for the first time in a reply brief. (*See, e.g.*, Dkt. 69, 100, 111); *see also Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002) ("As a general rule, we do not consider arguments raised for the first time in a reply brief."); *Chicago Reg'l Council of Carpenters Pension Fund v. Woodlawn Cmty. Dev. Corp.*, No. 09 CV 3983, 2011 WL 6318605, at *4 (N.D. Ill. Dec. 15, 2011) (same). Furthermore, even if the Court were to consider these untimely arguments, they are without merit. First, statements made during settlement conferences are not germane to the instant disputes. *See, generally*, Fed. R. Evid. 408; *Zurich Am. Ins. Co. v. Watts Indus.*, 417 F.3d 682, 688–89 (7th Cir. 2005) (noting that Rule 408 forbids use of statements made during settlement conferences). Second, Plaintiff does not explain why it chose not to raise contemporaneously Nahlawi's hospitalizations, counsel's computer problems, and counsel's difficult personal situations. Nor does Plaintiff adequately explain how these "obstacles" were so encompassing that they completely prevented Plaintiff from prosecuting its case during the past 23 months. Finally, if these obstacles did prevent Plaintiff from diligently prosecuting its case, it could have sought to dismiss its case without prejudice instead of wasting the Court's and Defendant's time with repeated assurances that it would meet deadlines and comply with orders.

and May 2012, Plaintiff finally responded to discovery requests that were first served in June 2010. However, the discovery responses were grossly deficient. For example, despite filing a Complaint alleging various intellectual property violations, Plaintiff's interrogatory responses provide no information about the trademark and trade dress Defendant is alleged to have infringed. Similarly, Plaintiff's "response" to the document requests was also notably deficient. Plaintiff never served an actual response to the requests; instead, Plaintiff's counsel merely sent an email with 13 documents attached and a CD, which consisted entirely of *Defendant's* financial records. Plaintiff fails to explain how this "evidence" constitutes meritorious and valid claims or, if it has additional evidence, why it has not been produced. As the Court concluded in its August 14, 2012 Order:

> [T]he merits of Plaintiff's case are seriously in doubt. Nahlawi, Plaintiff's principal owner and Defendant's former manager, surely must be in possession and control of relevant information relating to the trademark and trade dress claims that form the basis for Plaintiff's lawsuit. Yet, after numerous delays and missed deadlines, Plaintiff has produced little, if any, information that supports its claims.

(Dkt. 94 at 10.) This conclusion remains true today.

In any event, the purported existence of a meritorious case does not explain away Plaintiff's utter disregard for the Court's orders and schedules. In its August 14, 2102 Order, the Court found that Plaintiff had wasted the Court's time and clogged the Court's calendar. *See Sandee Mfg. Co. v. Rohm & Haas Co.*, 298 F.2d 41, 43 (7th Cir. 1962) (the importance of the district court maintaining control of its calendar is an important factor when considering dismissal for failure to prosecute). The Court has conducted numerous status hearings only to listen to Plaintiff's ex-

cuses for why it could not meet the Court's deadlines and schedules. *See Lewis v. Sch. Dist. # 70*, 648 F.3d 484, 488 (7th Cir. 2011) ("While the power to sanction via dismissal is one which should be exercised with great care, it is 'essential' to a court's ability to efficiently manage its caseload."). Plaintiff has not demonstrated that it had good cause for its failure to follow the Court's orders and schedules "and regardless of whether it had a meritorious [case], it failed to present its [case] in a timely manner." *Zuelzke Tool & Eng'rg Co. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 230 (7th Cir. 1991). Plaintiff's Motion to Reconsider is denied.

## B. Defendant's Motion to Reconsider and Motion to Compel

Defendant seeks reconsideration of the Court's ruling denying Defendant's request for a default judgment on its Counterclaim. (Def.'s Mot. ¶ 5.) Defendant contends that there is sufficient evidence demonstrating Plaintiff's willfulness, bad faith, and fault under Rule 37 to justify entering default judgment against Plaintiff.[4] (*Id.* ¶¶ 6–7.) The Court disagrees. After carefully reviewing the history of this action, the Court exercised its discretion and found that dismissing Plaintiff's case with prejudice was sufficient penalty for its failure to diligently prosecute its case and to comply with deadlines and Court orders. (Dkt. 94 at 10.) Defendant has not convinced the Court that denying Defendant's request for default judgment was a manifest error of law. *See Aura Lamp*, 325 F.3d at 907–08 (District Court has considerable discretion in determining appropriate sanction for failure to prosecute).

---

[4] As noted above, Plaintiff did not respond to Defendant's motion for reconsideration.

Nevertheless, Defendant is correct that because the Court did not grant default judgment, the termination of the Counterclaim was premature. (Def.'s Mot. ¶¶ 2–3; *see* Dkt. 93.) Accordingly, the termination of the Counterclaim is vacated *nunc pro tunc*. Similarly, because Defendant's Counterclaim remains active, Defendant's Motion to Compel [Dkt. 67] and Plaintiff's Motion to Extend Deadline for Completion of Written Discovery [Dkt. 70] should not have been denied as moot.

Defendant's Motion to Compel is granted in part and denied in part. Plaintiff is given a *final* opportunity to *fully* respond to the interrogatories and requests to produce that were first served on June 16, 2010. Thus, Plaintiff's Motion to Extend Deadline for Completion of Written Discovery is granted.

Within 30 days of the date of this order, Plaintiff shall:

1.  Revise its interrogatory responses, without objections, providing all facts and detail requested. For example, in responding to interrogatories 2 and 3, Plaintiff shall describe in *detail* the subject matter knowledge of each person identified. In responding to interrogatory 9, Plaintiff shall describe in *detail* all the steps that Plaintiff took "over a period of nearly 20 years" to develop the trade dress at issue. In responding to interrogatories 10, 11 and 12, Plaintiff shall describe in *detail* how third parties helped *Plaintiff* (not Defendant) develop the trade mark and trade dress at issue. In responding to interrogatory 16, Plaintiff shall describe in *detail* the license agreement with Foodworks 2047, including producing a copy of the agreement. In responding to interrogatory 18, Plaintiff shall describe in *detail* the information about who spent promotional dollars, including identifying the per-

son(s) involved. In responding to interrogatory 19, Plaintiff shall describe in *detail* the royalty payments received by Plaintiff from Defendant during the relevant time period. All other interrogatory responses shall be similarly revised to provide the level of detail requested.

2.  Serve Defendant with a signed and verified copy of the revised interrogatory responses as required by Rule 33.

3.  Serve Defendant with a written response to the request to produce, without objections.

4.  Supplement its production to provide Plaintiff with all relevant documents and information in its possession, custody or control that responds to the request to produce.

5.  Provide Defendant with a signed affidavit describing the efforts it took to locate responsive documents or information.

6.  Serve discovery requests, if any, on Defendant that relate to Defendant's Counterclaim.

No further extensions will be granted. Defendant's request for additional sanctions in its Motion to Compel is denied.

## C. Defendant's Petition for Fees and Costs

Defendant also seeks $75,154.55 in fees and costs associated with defending this case.[5] (Dkt. 95.) But Defendant's petition provides no argument or legal support

---

[5] Plaintiff did not file a response to Defendant's Petition.

whatsoever for its fees request. This lack of support is especially glaring given that it is requesting *all* fees incurred in defending this case *and* with asserting its counterclaims, which it chose to prosecute. In any event, as discussed above, the Court finds that dismissing Plaintiff's case with prejudice is sufficient penalty for its failure to diligently prosecute its case and to comply with deadlines and Court orders. Defendant is entitled to its costs as prevailing party pursuant to 28 U.S.C. § 1920. Accordingly, Defendant is awarded $14.55 in costs.

### III. CONCLUSION

For the reasons described above, Plaintiff's Motion to Reconsider and Vacate [109] and Defendant's Motion to Clarify and/or for Reconsideration [97] are **GRANTED IN PART AND DENIED IN PART**. Plaintiff's request to vacate the Court's Order dismissing Plaintiff's Complaint with prejudice is denied. Defendant's request to reconsider the Court's decision declining to grant default judgment on Defendant's Counterclaim is denied. Defendant's request to reconsider terminating the case and denying its Motion to Compel is granted. The termination of the Counterclaim is vacated *nunc pro tunc*.

As described above, Defendant's Motion to Compel [67] is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's Motion to Extend Deadline for Completion of Written Discovery [70] is **GRANTED**. As described above, within 30 days of the date of this order, Plaintiff shall revise its discovery responses. In all other respects, the Court's opinion and orders issued on August 14, 2012, stand. Defendant's Peti-

tion for Attorneys' Fees [95] is **GRANTED IN PART AND DENIED IN PART**.

Defendant is awarded $14.55 in costs.

E N T E R:

Dated: December 3, 2012

_____
MARY M. ROWLAND
United States Magistrate Judge

13