UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FOODWORKS USA, INC., <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> FOODWORKS OF ARLINGTON HEIGHTS, LLC, <br><br> Defendant/Counter-Plaintiff. | No. 10 CV 1020 <br><br> Magistrate Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

On August 14, 2012, the Court dismissed Plaintiff/Counter-Defendant Foodworks USA's (FUSA's) Complaint with prejudice for failure to prosecute. (Dkt. 94). On July 1, 2013, the Court entered a default judgment against FUSA and in favor of Defendant/Counter-Plaintiff Foodworks of Arlington Heights (FWAH) on FWAH's Counterclaim. (Dkt. 152). On September 27, 2013, FWAH filed a motion for judgment on damages. (Dkt. 166). On November 24, 2014, the Court granted the motion in part, denied it in part, and reserved it in part. (Dkt. 224). The Court reserved ruling on whether damages, including any injunctive relief, would be awarded for Counts III and IV. (*Id.*).[1]

In Counts III and IV, FWAH asserts that FUSA infringed on the Fuego Marks and Trade Dress in violation of Lanham Act § 43, 15 U.S.C. § 1125(a). FWAH seeks

---

[1] The tortured history of this case is well known to the parties. A more detailed background is laid out in the Court's August 14, 2012, December 3, 2012, July 1, 2013, September 30, 2014, and November 24, 2014 Orders. (Dkt. 94, 122, 152, 212, 224).

money damages, injunctive relief, and attorney's fees. To state a § 43 claim, FWAH must allege that FUSA used the infringing trademarks or trade dress in interstate commerce. 15 U.S.C. § 1125(a)(1). While the Counterclaim asserts that *FWAH* used the Fuego Marks and Trade Dress "in commerce" (Counterclaim, Count I ¶ 35, Count II ¶ 35), the Counterclaim contains *no* allegations that *FUSA* used the Fuego Marks or Trade Dress in interstate commerce. Accordingly, the Court concluded that the Counterclaim does not properly allege a claim for trademark or trade dress infringement. (Dkt. 224 at 11). Nevertheless, the Court gave FWAH a limited opportunity to prove-up the "in commerce" element. (*Id.*).

At a status hearing on December 11, 2014, the Court admonished FWAH that the Counterclaim failed to properly allege that the trademark was used by FUSA in interstate commerce. FWAH's counsel declined to request an evidentiary hearing; instead, he sought an opportunity to further brief this issue. The Court set a supplemental briefing schedule regarding the in-commerce element of Counts III and IV. (Dkt. 227). On January 9, 2015, FWAH filed a Supplemental Brief on the Issue of "In Commerce" Use by Foodworks USA, Inc. (Dkt. 228).[2]

In its supplemental brief, FWAH contends that "FUSA infringed the Fuego Marks and Trade Dress when it licensed the use of the Fuego Marks and Trade Dress and thereafter advertised and marketed said restaurant services in com-

---

[2] This brief also sought reconsideration of the Court's November 24, 2014 Opinion, which the Court addresses in a separate order.

merce." (Dkt. 228 at ¶ 16). FWAH cites as evidence FUSA's complaint, which stated that the Fuego Marks and Trade Dress are

> well known and widely recognized among those diners in the Greater Chicago restaurant market as a result of various and diverse promotional activities that have occurred since the first Fuego Mexican Grill and Margarita Bar restaurant was opened in 2005. In addition to multiple written restaurant reviews that have been published over the past several years, a widely disseminated television review was recently aired on the popular local show known as "Check, Please!"

(*Id.*) (quoting Complaint ¶ 55); (*see id.* Ex. Q) (copies of restaurant reviews from newspaper webpages). FWAH is correct that FUSA's use of the Internet to market its restaurant services could satisfy the "use in commerce" requirement of the Lanham Act. *See Euromarket Designs, Inc. v. Crate & Barrel Ltd.*, 96 F. Supp. 2d 824, 831 (N.D. Ill. 2000). But the Complaint was dismissed with prejudice—at FWAH's request—for failure to prosecute (Dkt. 94). Thus, the dismissal was unaccompanied by findings of fact and does not bind the parties on any issue that might arise in connection with another cause of action. *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 327 (1955); *see Rose v. Bourne, Inc.*, 172 F. Supp. 536, 538 (S.D.N.Y. 1959) ("[A] dismissal with prejudice, even in the absence of findings, will bar a later suit on the same cause of action but, without findings, the actual or potential determination of the issues in the dismissed suit will not be effective by way of collateral estoppel on the decision of other causes of action.") (citation omitted); 9 Charles Alan Wright & Arthur R. Miller*, Federal Practice and Procedure* § 2373, at 747 (3d ed. 2008) ("Even though dismissal is with prejudice, if no facts have been adjudicated, as when the dismissal is for want of prosecution, the judgment, even though a bar to a second suit on the same claim, certainly if brought by the original plaintiff, *does not estab-*

*lish any facts* to which the doctrine of collateral estoppel can be applied in later litigation on a different claim.") (emphasis added).

In any event, as the Court thoroughly explained in its November 2014 Opinion, the default judgment establishes that FUSA is liable to FWAH *only* on each cause of action *properly alleged* in the *Counterclaim*. *See e360 Insight v. The Spamhouse Project*, 500 F.3d 594, 602 (7th Cir. 2007). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see* 6 Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 1407, at 36 (3d ed. 2010) (A Rule 13 counterclaim must comply with Rule 8 pleading requirements). "Even after the default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." 10A Charles Alan Wright *et al., Federal Practice and Procedure* § 2688, at 63 (3d ed. 1998); *see Black v. Lane*, 22 F.3d 1395, 1399, 1407 (7th Cir. 1994) (even following a default, the allegations may be challenged for failure to state a claim); *accord Abdul-Wadood v. Bayh*, 85 F.3d 631, at *1 (7th Cir. 1996) ("The entry of a default order does not automatically mean that a default judgment will be entered. The court must first assure itself that the complaint supports the right to relief.") (unpublished order); *see also Klinger v. Conan Doyle Estate, Ltd.*, 988 F. Supp. 2d 879, 884 (N.D. Ill. 2013), *aff'd*, 755 F.3d 496 (7th Cir. 2014) ("The entry of a default order does not, however, preclude a party from challenging the sufficiency of the complaint.").

FWAH argues that FUSA's internet marketing efforts "were done for the Arlington Heights location, as well as [FUSA's] licensee's location in Chicago." (Dkt. 228 at ¶ 17). But those allegations are not contained in the Counterclaim or supported by affidavit. Counsel's unsupported argument in a brief is not *evidence* of the "in commerce" element. *Cf. Am. Taxi Dispatch, Inc. v. Am. Metro Taxi & Limo Co.*, 582 F. Supp. 2d 999, 1005 (N.D. Ill. 2008) (awarding damages after default judgment based partly on affidavit provided to court). In sum, FWAH's failure to properly plead the "in commerce" element in its Counterclaim fatally dooms its claims. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (affirming district court's refusal to enter a default judgment where complaint's allegations, even if found true, could not impose liability). Counts III and IV are dismissed for failure to state a claim.

For the reasons stated herein and in the Court's November 24, 2014 Opinion, Defendant/Counter-Plaintiff's Motion for Judgment on Damages [166] is **GRANTED IN PART and DENIED IN PART**. Counts III, IV, VII, and IX are dismissed with prejudice. No damages are awarded for Counts V, VI, and VIII. Pursuant to 28 U.S.C. § 2201; (i) FWAH is the rightful and sole owner of the Fuego Marks and Trade Dress; (ii) FUSA has no ownership rights in the Fuego Marks and Trade Dress; (iii) the License Agreement between FUSA and FWAH is void *ab initio* and held for naught; and (iv) all other license agreements between FUSA and any third party regarding the Fuego Marks and Trade Dress are void *ab initio* and held for naught.

E N T E R:

Dated: March 19, 2015

*Mary M Rowland*

MARY M. ROWLAND
United States Magistrate Judge